[Crim. No. 19754. Dec. 8, 1977.]

In re LIONEL P., a Person Coming Under the Juvenile Court Law.
KENNETH E. KIRKPATRICK, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
LIONEL P., Defendant and Appellant.

## COUNSEL

Norman W. de Carteret, under appointment by the Supreme Court, for Defendant and Appellant.

Paul Halvonik, State Public Defender, Gary S. Goodpaster, Chief Assistant State Public Defender, and Laurance S. Smith, Deputy State Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Frederick R. Millar, Jr., Theodora Berger and Ann Rushton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BIRD, C. J.—Appellant, Lionel P., requests that a referee's order declaring him a ward of the juvenile court under Welfare and Institutions Code section 602[1] be set aside and that he be given a hearing de novo before a juvenile court judge pursuant to Welfare and Institutions Code section 252.[2] Relying on this court's holding in *In re Edgar*

[1] At the time of the referee's order, Welfare and Institutions Code section 602 read: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime or who, after having been found by the juvenile court to be a person described by Section 601, fails to obey any lawful order of the juvenile court, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

This section was subsequently modified in a manner not pertinent to appellant's argument. (Stats. 1976, ch. 1071, § 12, p. 4819.)

[2] At the time appellant filed his application for a hearing de novo, the applicable section was Welfare and Institutions Code section 558. That section was subsequently recodified as section 252 which reads as follows: "At any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor or his parent or guardian may apply to the juvenile court for a rehearing. Such application may be directed to all or to any specified part of the order or findings, and shall contain a statement of the reasons such rehearing is requested. If all of the proceedings before the referee have been taken down by an official reporter, the judge of the juvenile court may,

*M.* (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406], appellant contends that if a juvenile court judge does not either deny an application for a hearing de novo, or extend the time in which to do so, within 20 days of its receipt, the application is deemed to have been granted. Appellant argues that this requirement was not met, since his application was denied three months after it was received, although within 20 days of his return from a 90-day observation period at the California Youth Authority. This court agrees.[3]

## I.

A petition for wardship under Welfare and Institutions Code section 602 was filed in the Juvenile Court of Los Angeles County on February 22, 1974. A referee heard the case, found the petition to be true, and on May 17, 1974, after a dispositional hearing, temporarily committed appellant to the California Youth Authority for a 90-day diagnostic observation. (See Welf. & Inst. Code, §§ 602 and 704.) That same day, appellant's attorney filed an application for a hearing de novo as to all the matters that had been decided by the referee. (See Welf. & Inst. Code, § 252.)

Appellant was returned to the juvenile court on August 16th from his 90-day observation period at the California Youth Authority. On August 21st, a referee ordered that appellant remain a ward of the juvenile court. On September 5th, more than three months after appellant had requested a hearing de novo, the juvenile court judge purported to deny the application. This appeal followed.

## II.

Welfare and Institutions Code section 252 provides that a juvenile may apply for a hearing de novo before a juvenile court judge as to any order or finding made by a referee. This court has held that if a judge fails to act within 20 days after receipt of such a petition, the application is

---

after reading the transcript of such proceedings, grant or deny such application. If proceedings before the referee have not been taken down by an official reporter, such application shall be granted as of right. If an application for rehearing is not granted within 20 days following the date of its receipt, it shall be deemed denied. However, the court, for good cause, may extend such period beyond 20 days, but not in any event beyond 45 days, following the date of receipt of the application, at which time the application for rehearing shall be deemed denied unless it is granted within such period."

[3]In light of this conclusion, this court does not reach the other contentions raised by appellant.

deemed granted.[4] (*In re Edgar M., supra,* 14 Cal.3d at p. 737.) To hold otherwise, this court concluded, would permit a referee to perform more than subordinate judicial duties in contravention of article VI, section 22 of the California Constitution. (*Id.,* at p. 732.)

The retroactive application of this holding was discussed in *Edgar M.*[5] This court concluded that *Edgar M.* would apply, inter alia, to those cases in which "an appeal has been taken and not yet finally determined" as of the filing date of *Edgar M.,* July 14, 1975. (*Id.,* at p. 739.) Since appellant had filed an appeal which had not yet been finally

[4]The 20-day period within which the juvenile court judge must grant or deny an application for a hearing de novo may be extended up to 25 additional days.

[5]The court promulgated the following standard for retroactivity: "Although the ruling shall apply to Edgar M. and to cases in which on the date of the filing of this opinion the time to appeal has not yet expired or an appeal has been taken and not yet finally determined, the ruling shall not otherwise affect the validity of (1) orders made by a juvenile court judge prior to the filing of this opinion purporting to grant or deny an application for rehearing or (2) findings or orders of juvenile court referees of which an application for rehearing was received by the court 45 or more days before the date of filing of this opinion." (*In re Edgar M., supra,* 14 Cal.3d at p. 739.) This language has caused some understandable confusion. (See, e.g., Walker, Cal. Juvenile Court Practice (Cont.Ed.Bar Supp. 1975) §§ 154-156, pp. 39-40.)

The Attorney General contends that even where a case was pending on appeal or was still appealable when *Edgar M.* was filed (July 14, 1975), the holding in *Edgar M.* will nevertheless not apply to that case if, on the date of *Edgar M.'s* filing, either (1) the juvenile court judge had already filed his or her decision to grant or deny the application for a hearing de novo, or (2) the application for a hearing de novo had been received by the juvenile court 45 or more days prior to July 14, 1975. However, the Attorney General's argument fails to take into account the effect of the word "otherwise" in the passage quoted above. The proper interpretation of the passage containing that word is that as long as a case was pending on appeal or still appealable as of July 14, 1975, the fact that the case may fall within either of the two exceptions will not prevent the application of *Edgar M.*

Further, the Attorney General's argument overlooks the significance of this court's modification of its original opinion in *Edgar M.* That opinion was modified specifically to cover those juveniles whose applications for a hearing de novo were denied (either expressly or by the passage of the statutory time) prior to the date of the filing of *Edgar M.,* but who were not precluded from filing their notices of appeal as the time for filing such notices had not yet expired. The briefs filed with this court in support of the petitions for rehearing in *Edgar M.* stressed the irrationality of excluding this class of juveniles, while including juveniles whose appeals were already pending as of the date of the filing of the opinion. Although a rehearing was denied, this court modified the retroactivity section of its opinion by inserting the language, "the time to appeal has not yet expired or," in order that the holding would be applicable to *both* classes of juveniles. This modification effectively reduced the language in exceptions (1) and (2) to mere surplusage.

In summary, *Edgar M.* is to be retroactively applied to those "cases in which on the date of the filing of this opinion [July 14, 1975] the time to appeal has not yet expired or an appeal has been taken and not yet finally determined . . . ." (*In re Edgar M., supra,* 14 Cal.3d at p. 739.)

determined as of July 14, 1975, the holding in *Edgar M.* applies to appellant.[6]

The Attorney General argues that even if the holding in *Edgar M.* were to apply to this case, the juvenile court judge satisfied the requirements of Welfare and Institutions Code section 252 by denying the application for a hearing de novo within 20 days of the *final* dispositional order. This contention ignores the specific language of Welfare and Institutions Code section 252. That section provides in part: "At any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor or his parent or guardian may apply to the juvenile court for a rehearing. Such application may be directed to all or to any specified part of the order or findings . . . ."[7] It appears that the Legislature placed no limitation on the specific kinds of orders or findings of a referee that a juvenile may seek to undo by applying for a hearing de novo before a judge. This court has consistently applied the holding in *Edgar M.* to cases in which a juvenile applied for a hearing de novo immediately after a jurisdictional hearing conducted by a referee but prior to a dispositional hearing. (See *In re Damon C.* (1976) 16 Cal.3d 493 [128 Cal.Rptr. 172, 546 P.2d 676]; *In re Dennis B.* (1976) 18 Cal.3d 687, 690-691 [135 Cal.Rptr. 82, 557 P.2d 514].) Further, Welfare and Institutions Code section 252 provides that a court must act upon an application for a hearing de novo "within 20 days following the date of its receipt." Thus, by the terms of the statute, a court may not wait until after the final dispositional hearing to act upon applications directed to earlier orders or findings of a referee.

In light of these holdings and the language of Welfare and Institutions Code section 252, this court holds that appellant properly applied for a hearing de novo after the referee's May 17, 1974, dispositional order. Since the juvenile court judge failed either to deny appellant's application for a hearing de novo, or to extend the time in which to do so, within 20 days of the receipt of the application, the request is deemed to have been granted by operation of law.

---

[6]Since the record does not indicate that the juvenile court judge extended the time within which he had to rule on the application for a hearing de novo under Welfare and Institutions Code section 252, the application is deemed to have been granted when the 20-day period elapsed.

[7]A referee is required to prepare findings and enter an order after each hearing (Welf. & Inst. Code, § 248; Cal. Rules of Court, rule 1317(b)), including any detention hearing (Welf. & Inst. Code, § 636; Cal. Rules of Court, rule 1327(g)), jurisdictional hearing (Welf. & Inst. Code, § 702; Cal. Rules of Court, rules 1354 and 1355), and dispositional hearing (Welf. & Inst. Code, §§ 702, 704, 725; Cal. Rules of Court, rules 1356, 1371, and 1372).

The order declaring appellant a ward of the juvenile court is reversed, and the court is directed to enter an order granting his application for a hearing de novo.

Tobriner, J., Mosk, J., Clark, J., Richardson, J., Manuel, J., and Sullivan, J.,* concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.