[Crim. No. 20154. Dec. 21, 1978.]

In re DANNY T., a Person Coming Under the Juvenile Court Law.
KENNETH F. FARE, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
DANNY T., Defendant and Appellant.

**COUNSEL**

Paul Halvonik, State Public Defender, and Charles M. Sevilla, Chief Assistant State Public Defender, for Defendant and Appellant.

Wilbur F. Littlefield, Public Defender (Los Angeles), Harold E. Shabo, Kenneth I. Clayman and Albert J. Menaster, Deputy Public Defenders, as Amici Curiae on behalf of Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Lawrence P. Scherb II and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BIRD, C. J.**—Danny T. appeals from orders of the juvenile court adjudging him a ward and committing him to the California Youth Authority. He contends that his petition for a hearing de novo before a juvenile court judge should have been deemed granted. This court agrees.

A petition was filed in juvenile court alleging that appellant, a minor, had brandished a hoe at a man whom he mistakenly thought was a "narc."[1] After a contested jurisdictional hearing before a referee, at which witnesses' testimony was conflicting, appellant was found to have violated Penal Code section 417.[2] He was declared a ward and on September 16, 1976, was ordered committed to the California Youth Authority.

Timely application for a rehearing was made on September 27. The transcripts of the jurisdictional and dispositional hearings were not filed until October 14 and 15. On October 20, 1976, 23 days after the filing of the petition for rehearing, it was denied. No order extending time was ever filed.

Welfare and Institutions Code section 252 (formerly § 558), providing that a minor may seek a hearing de novo before a juvenile court judge of a referee's decision, states: "If an application for rehearing is not granted within 20 days following the date of its receipt, it shall be deemed denied. However, the court, for good cause, may extend such period beyond 20 days, but not in any event beyond 45 days . . . ." In *In re Edgar M.* (1976) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406], the juvenile court purported to deny a petition for rehearing well after 45 days had elapsed since its filing. ■ This court held that if section 252 were applied literally, a referee's adjudication of wardship and order for removal from the home would become acts of the court upon automatic denial of the petition for rehearing after 20 days. This result would conflict with the constitutional mandate that referees perform only "subordinate judicial duties." (Cal. Const., art. VI, § 22.) Accordingly, an application for

---

[1] Although the petition alleged that Danny had also brandished a knife, and the probation officer so believed in making his recommendations, none of the witnesses at the jurisdictional hearing mentioned a knife having been involved.

[2] Penal Code section 417 provides: "Every person who, except in self-defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, or any other deadly weapon whatsoever, in a rude, angry or threatening manner, or who in any manner, unlawfully uses the same in any fight or quarrel is guilty of a misdemeanor."

rehearing, not acted upon within 20 days, was deemed to have been *granted.*

In the present case, denial came more than 20, but less than 45 days after the petition was filed. Section 252 clearly states that the court, "for good cause, may extend" the time in which it must act. The "good cause" requirement reflects a legislative determination, found throughout the Juvenile Court Law, that juvenile cases be disposed of promptly. (Cf. *In re Robin M.* (1978) 21 Cal.3d 337 [146 Cal.Rptr. 352, 579 P.2d 1].) Thus, if "good cause" had existed, the court could have extended time. However, the court did not formally do so, nor did the order denying the petition state that time had been extended. Nor was a reason given for the court's delay in acting.[3]

If this court were to hold that a tardy denial of a petition implies an extension of time by the juvenile court, it would effectively eliminate the "good cause" requirement of section 252. Such a result would lead to precisely the kind of routine, automatic extensions that the statute does not permit. Dispensing with the "good cause" requirement would automatically extend to 45 days the time in which the juvenile court must act on a petition for rehearing. Such an extension would more than double the time a minor might spend in custody on a referee's order before that order was finally reviewed by a judge. This is clearly contrary to the Legislature's intent.

A close analogy is provided by rule 28(a), requiring this court to act *within* the 30-day period to extend time for granting or denying a petition for hearing. (Cal. Rules of Court, rule 28(a).) Although the Legislature did not draw section 252 with the precision of rule 28(a), the policies behind the two are the same, i.e., to ensure a prompt decision on whether to grant review of the case, and to provide the parties with a definite time in which to expect action.

It is clear that section 252 requires action by the court within the initial 20-day period or the petition will be deemed granted. To hold that tardy action by the court constitutes an "implied" order extending time is contrary to the meaning of section 252 and would automatically extend time in all cases. Accordingly, this court holds that a juvenile court judge

---

[3]When the transcripts were filed, 3 of the 20 days remained. Thus the court could have acted on the petition. It is doubtful in any event that a delay in preparing transcripts should constitute "good cause" for extending the time that a minor must wait, possibly in custody, before a referee's order is finally reviewed by a judge.

must act within 20 days of the filing of a petition for rehearing. Either the petition must be granted or denied within that time or the court must inform the parties that it has extended time and state the reasons for so doing. All petitions not acted upon within 20 days are deemed granted.

Since the juvenile court judge in this case failed either to act on appellant's application for a hearing de novo, or to extend the time in which to do so, within 20 days of the receipt of the application, the request is deemed to have been granted by operation of law. (See *In re Lionel P.* (1978) 20 Cal.3d 260, 265 [142 Cal.Rptr. 411, 572 P.2d 25].)

The order declaring appellant a ward of the juvenile court is reversed, and the court is directed to enter an order granting his application for a hearing de novo.

Tobriner, J., Mosk, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.