[Crim. No. 34322. Second Dist., Div. One. Sept. 12, 1979.]

In re FREDDIE R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
FREDDIE R., Defendant and Appellant.

[Crim. No. 34999. Second Dist., Div. One. Sept. 12, 1979.]

In re FREDDIE R., a Minor, on Habeas Corpus.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender and John H. Scott, Acting Deputy State Public Defender, for Defendant and Appellant and Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and William R. Weisman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

LILLIE, Acting P. J.—The minor appeals from order of the juvenile court sustaining petition charging assault with a deadly weapon upon one

Lindley arising out of a motor vehicle accident in which neither Lindley nor the minor was involved, and committing him to the California Youth Authority. Timely application for rehearing was filed by the minor on November 29, 1978. On December 19, 1978, the court issued the following order, "Good cause appearing, the court orders the time extended for ruling on the rehearing to the 45th day (January 12, 1979)." On January 9, 1979, the application was denied.

■    The sole issue is whether the juvenile court must articulate its reasons for the "good cause" recited in its order extending time under section 252, Welfare and Institutions Code.[1]

The statute in pertinent part provides: "If an application for rehearing is not granted within 20 days following the date of its receipt, it shall be deemed denied. However, the court, for good cause, may extend such period beyond 20 days, but not in any event beyond 45 days, following the date of receipt of the application . . . :" (See *In re Edgar M.,* 14 Cal.3d 727, 737 [122 Cal.Rptr. 574, 537 P.2d 406], holding that an application not acted upon within 20 days is deemed to have been granted.)

*In re Danny T.,* 22 Cal.3d 918 [150 Cal.Rptr. 916, 587 P.2d 712] controls our disposition of this case. Although the Supreme Court in *Danny T.* was not directly confronted with the issue before us, the context in which its language appears makes it clear that stated reasons must be given by the juvenile court for its conclusion that good cause exists to extend time under section 252. Such requirement of articulated reasons to support a given decision is consistent with the Legislature's intent and the meaning of section 252 expressed in *Danny T.* (p. 921); acts as an inherent guard against the careless decision and routine extensions; insures that the judge engages in a careful and reasoned decision-making process; and is essential to any meaningful appellate review of the decision. (*In re Podesto,* 15 Cal.3d 921, 937 [127 Cal.Rptr. 97, 544 P.2d 1297] [court required to give statement of reasons for denying bail on appeal].)

In *Danny T.,* the minor filed timely petition (application) for rehearing. No action was taken thereon until 23 days thereafter but less than 45 days at which time it was denied. No order extending time was ever filed. The

[1]The Attorney General in his brief did not see fit to address the issue relying entirely on the order. Thus, we assume that his position is that the mere recital of "good cause" in the order extending time complies with section 252, and is sufficient to extend time under the statute.

Supreme Court rejected respondent's contention that the tardy denial of the petition implied an extension of time, and held that by operation of law the rehearing was deemed to have been granted. "Section 252 clearly states that the court, 'for good cause, may extend' the time in which it must act. The 'good cause' requirement reflects a legislative determination, found throughout the Juvenile Court Law, that juvenile cases be disposed of promptly. (Cf. *In re Robin M.* (1978) 21 Cal.3d 337 [146 Cal.Rptr. 352, 579 P.2d 1].) Thus, if 'good cause' had existed, the court could have extended time. However, the court did not formally do so, nor did the order denying the petition state that time had been extended. Nor was a reason given for the court's delay in acting.[3] [¶] If this court were to hold that a tardy denial of a petition implies an extension of time by the juvenile court, it would effectively eliminate the 'good cause' requirement of section 252. Such a result would lead to precisely the kind of routine, automatic extensions that the statute does not permit. Dispensing with the 'good cause' requirement would automatically extend to 45 days the time in which the juvenile court must act on a petition for rehearing. Such an extension would more than double the time a minor might spend in custody on a referee's order before that order was finally reviewed by a judge. This is clearly contrary to the Legislature's intent." (P. 921.) The court concluded "Accordingly, this court holds that a juvenile court judge must act within 20 days of the filing of a petition for rehearing. Either the petition must be granted or denied within that time or the court must inform the parties that it has extended time and state the reasons for so doing. All petitions not acted upon within 20 days are deemed granted." (Pp. 921-922.)

The juvenile court having articulated no reasons for or stated what constituted the "good cause"[2] recited in its order extending time in which to act upon the minor's application for rehearing, the order was ineffective to extend the time. Thus the juvenile court failed to act on the minor's application within 20 days of the receipt of the application, and the request is deemed to have been granted by operation of law. (*In re Danny T.,* 22 Cal.3d 918, 922 [150 Cal.Rptr. 916, 587 P.2d 712]; *In re Lionel P.,* 20 Cal.3d 260, 265 [142 Cal.Rptr. 411, 572 P.2d 25]; *In re Edgar M.,* 14 Cal.3d 727, 737 [122 Cal.Rptr. 574, 537 P.2d 406].)

---

"[3]When the transcripts were filed, 3 of the 20 days remained. Thus, the court could have acted on the petition. *It is doubtful in any event that a delay in preparing transcripts should constitute 'good cause' for extending the time that a minor must wait, possibly in custody, before a referee's order is finally reviewed by a judge.*" (Italics added.)

[2]The minute order reflects that no court reporter was present at the time it was made thus there is no further documentation of the order or reasons for making it.

The order is reversed and the juvenile court is directed to enter an order granting his application for a hearing de novo.

The identical issue hereinabove disposed of was raised on petition for writ of habeas corpus (No. 34999) filed by the minor on April 20, 1979, and ordered to be considered concurrently with this appeal. The petition is denied. (See Juvenile Court Rules adopted by Judicial Council of California, rules 1318(a) and 1319(e).)

Hanson, J., and Rothman, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.