[Crim. No. 34669. Second Dist., Div. Three. Oct. 26, 1979.]

In re MICHAEL C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL C., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla and Martin Stein, Chief Assistant State Public Defenders, and John H. Scott, Acting Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**COBEY, Acting P. J.**—Michael C., a minor, appeals from an order of the juvenile court sustaining a petition filed against him pursuant to Welfare and Institutions Code[1] section 602 and declaring him a ward of the court on the basis of commission of a burglary in violation of Penal Code section 459. The appeal lies. (§ 800.)

---

[1]Unless otherwise indicated all sections cited hereinafter are Welfare and Institutions Code sections.

Appellant contends that: (1) his petition for rehearing on both adjudication and disposition was timely filed and (2) the purported denial of the petition was not timely made because the extension of the period for ruling on the application from 20 to 45 days was not made for good cause.

We agree that the petition was adequate and timely as to the disposition hearing and that there was not good cause for the extension of time to rule on the petition. We disagree, however, that the petition was timely as to the adjudication. We therefore affirm in part and reverse in part.

## FACTS

Appellant, a minor, was arrested for being drunk in public on December 5, 1978, at about 9:30 a.m. During the subsequent investigation[2] appellant was linked to a burglary which had occurred at approximately 2:10 a.m. on December 5, 1978.

The petition alleging that appellant came within the provisions of section 602 because he had committed a burglary, violating Penal Code section 459, was filed on December 7, 1978. This petition was sustained at the adjudication hearing on January 11, 1979. Copies of the referee's findings and order of January 11 were mailed to appellant on January 12, 1979. The disposition hearing was set for January 24, 1979, but was later continued to January 25, 1979. At the disposition hearing on January 25, 1979, the referee adjudged the minor a ward of the court under section 602 and ordered his placement in Camp Community Placement. The referee's order was approved by a juvenile court judge the same day.

On January 26, 1979, appellant petitioned for a rehearing of both the adjudication and disposition. This petition was dated January 24, 1979. The date of the disposition hearing was originally indicated therein as January 24, 1979, but was subsequently corrected. A statement of reasons for the request of a rehearing was attached to the petition. The reasons stated related to problems with the adjudication proceeding. The People filed a response to the application for rehearing on Febru-

---

[2]This investigation included fingerprinting, interrogation and identification of a cut on appellant's right hand. The fruits of this investigation were the subject of a motion to suppress evidence under Penal Code section 1538.5 on the basis that the original detention of the minor was illegal.

ary 14, 1979. In their response, the People made no assertion regarding possible untimeliness of appellant's petition for rehearing and simply answered its allegations.

On January 26, 1979, transcripts of both the January 11 and January 25 hearings were ordered. The due date specified was February 13, 1979. The court on February 9, 1979, extended its time to rule on the petition for rehearing until March 12, 1979, the statutory time limit.[3] The reasons cited for the extension were that transcripts were required and they were not to be "due and available for review" until February 13, 1979.[4] The court denied the petition for rehearing on February 22, 1979.

## DISCUSSION

■ 1. *The Petition for Rehearing Was Timely Filed as to the Disposition Hearing, But Not as to the Adjudication*

Section 252 provides that "any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor...may apply to the juvenile court for a rehearing." The 10-day period is jurisdictional and the court is without authority to entertain a petition filed after 10 days. (See *In re Dennis B.* (1976) 18 Cal.3d 687, 690 [135 Cal.Rptr. 82, 557 P.2d 514].) In this case, the adjudication hearing was held on January 11, 1979. The order and findings of the referee were mailed to appellant on January 12, 1979. Therefore, the statutory period for filing the petition expired on January 22, 1979. Appellant filed his petition for rehearing on January 26, 1979. ■ ■■■ Thus, the petition was not timely as to adjudication and the court was without authority to rule on it. (See *ibid.*)[5]

---

[3]Section 252 requires the court to rule on the petition within 20 days. This period may be extended to 45 days for good cause.

[4]The initial 20 days would have expired on February 15, 1979.

[5]A minor whose case has been heard by a referee must be given a written statement of his rights to rehearing and appeal. Such statement may be served by mail. The failure to thus notify the minor possibly precludes an attack on a petition for rehearing for timeliness. (See § 248; *In re Drexel F.* (1976) 58 Cal.App.3d 801, 804-805 [130 Cal.Rptr. 253].) The Los Angeles County Juvenile Court clerk's policy is to include a copy of the written statement of rights with every order or finding of the referee mailed to the minor or his parents and counsel. This is done with all orders or findings, whether with respect to adjudication or disposition. In this case, copies of the referee's

The petition, filed the day after the disposition hearing, was timely as to that proceeding. Respondent has suggested that the petition does not adequately state the reasons for a rehearing on the disposition as required by section 252. Such a defect, however, is merely procedural. The judge could have refused on that ground to accept the petition but after he accepted it, he had to rule on it within the statutory time limits following a complete review by him of the transcript of the disposition hearing. (See *In re Damon C.* (1976) 16 Cal.3d 493, 498 [128 Cal.Rptr. 172, 546 P.2d 676].) Accordingly, the petition should have been treated as a timely petition for rehearing of the disposition.

██ 2. *The Extension of Time to Rule on the Petition Was Improper as Good Cause for the Extension Was Not Shown.*

██ A basic concern of Juvenile Court Law is that cases can be disposed of promptly. (See *In re Danny T.* (1978) 22 Cal.3d 918, 921 [150 Cal.Rptr. 916, 587 P.2d 712].) The good cause requirement in section 252, therefore, operates as a restriction on the power to extend the period within which the petition for rehearing must be ruled upon, and the maximum period of 45 days should be the exception and not the rule. In *Danny T.* the court expressed great concern that the good cause provision in section 252 not be ignored and that "routine, automatic extensions" not be granted. (See *id.* at p. 921.) ██ The court also commented specifically that "[i]t is doubtful" that a delay in the preparation of a transcript should constitute good cause under the statute in any event. (22 Cal.3d at p. 921, fn. 3.) In the same footnote, the court stated that three days was a sufficient period of time for a judge to act upon a petition. (See *ibid.*) In this case, the order of February 9 extending the time to rule on the petition for rehearing noted that the transcripts would not be due and available for review until February 13 and that the time to rule on a petition for rehearing could be extended for good cause. [6] The petition for rehearing had been filed on January

findings and order of January 11 were apparently mailed to appellant and both his parents on January 12, 1979. In view of the above stated policy and the just-noted section 248, the clerk is presumed to have included a statement of appellant's rights to rehearing and appeal. (See Evid. Code, § 664.) Furthermore, we have augmented the record on appeal by adding thereto the superior court file in this case pursuant to rule 12(a) of the California Rules of Court. This file likewise indicates that this statement of rights was mailed after the adjudication hearing.

[6]Another local division of this court very recently held that an order extending the time for ruling on a petition for rehearing must state specifically what constitutes the good cause for extension. (See *In re Freddie R.* (1979) 96 Cal.App.3d 829 [158 Cal.Rptr. 260].) The petition in *Freddie R.* merely stated that there was "[g]ood cause appearing." The petition in this case is more complete, noting the date of the petition

26. Therefore, the 20-day period to grant or deny the petition would run on February 15. Thus, at the time the judge ordered an extension of time within which to rule it was anticipated that he would have up to three days to make the determination.[7]

The transcript of a hearing before a referee, once requested, must be prepared within a reasonable time after the hearing as the judge shall designate. (See § 677; Cal. Rules of Court, rule 1312(c).) The petition for rehearing, in the instant case, indicates that the transcripts of both the adjudication and disposition hearings were ordered on January 26, 1979. In the same petition the due date for the transcripts is stated to be February 13, 1979.[8] While there may be some unique circumstances causing an unusual delay in the preparation of transcripts which may be deemed good cause for an extension, in light of the basic purpose of the statutes, a routinely unduly long period of time to prepare transcripts will not. To permit an exception to be made for transcripts which appear to require routinely an extended period of time for preparation[9] would make the 45-day maximum period the rule and not the exception. This was the result that the Supreme Court condemned in *In re Danny T.*, *supra*, 22 Cal.3d at page 921. (See also *In re Freddie R.*, *supra*, 96 Cal.App.3d at p. 831.)

Thus, since the order of extension of the time period did not state reasons adequate to establish good cause therefor, the order was ineffective. (See *In re Freddie R.*, *supra*, 96 Cal.App.3d at p. 832.)

---

and the due date of the transcripts, and concluding "[t]hat accordingly, good cause exists...."

[7]The fact that the transcripts were not actually available until February 15, 1979, the last day that the court could have ruled on the petition for rehearing, is not justification for the February 9 order extending this deadline in advance of this situation. In any event, according to our Supreme Court as already noted, delay in the preparation of a transcript is a dubious cause for extension in any situation. Presumably this is because upon the expiration of the period for review the petition for rehearing is granted automatically. (See *In re Danny T., supra,* 22 Cal.3d at p. 922; *In re Edgar M.* (1975) 14 Cal.3d 727, 737 [122 Cal.Rptr. 574, 537 P.2d 406].)

[8]The Los Angeles County Juvenile Court has informally indicated to our staff that reporters are normally given 15 days to prepare the transcript and that a 15-day extension is routinely granted. The due date here appears to have been calculated on the basis of the usual 15 days from Friday, January 26. This put the due date on Saturday, February 10. The first judicial day following this date was Tuesday, February 13, because of the three-day weekend in honor of Lincoln's birthday.

[9]Especially since, as respondent noted, delay in transcript preparation is probably the most common reason for extension. (See fn. 8, *ante.*)

Therefore, a rehearing on disposition was granted by operation of law on February 15, 1979, and the purported denial on February 22, 1979 was of no effect. (See *In re Danny T., supra*, 22 Cal.3d at p. 922; *In re Edgar M., supra*, 14 Cal.3d at pp. 727, 737; *In re Freddie R., supra*, 96 Cal.App.3d at p. 832.)

## DISPOSITION

Therefore, the order appealed from is affirmed as to the adjudication and is reversed as to the disposition.[10]

Allport, J., and Potter, J., concurred.

Petitions for a rehearing were denied November 21, 1979, and the opinion and judgment were modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied January 17, 1980.

---

[10]Since February 15, 1979, the necessity for a rehearing on the disposition has apparently become moot.