PER CURIAM.
The Florida Board of Bar Examiners was requested by this Court to consider the desirability of an amendment to article III, section 1.c.(1) of the Rules of the Supreme Court Relating to Admissions to the Bar. Upon consideration, the Board determined that such an amendment would be desirable. Accordingly, the Board has now proposed that article III, section 1.c.(1) of the rules be amended to authorize an applicant who practices in any federal courts to submit to a representative compilation of work product for the Board’s consideration. The proposed amendment would modify the existing language which restricts the practice in federal courts to only “territories, possessions or protectorates of the United States_” The proposed amendment, together with the Board’s rationale for recommending the amendment, is attached hereto as Exhibit “A.”
We hereby approve the proposed amendment of article III, section l.c.(l) of the Rules of the Supreme Court of Florida Relating to Admissions to the Bar, such amendment to be effective upon the issuance of this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
EXHIBIT A
Article III, Section l.c. as it currently appears:
c. For those applicants not meeting the requirements of Article III, Section la. or b. the following requirements shall be met: (1) such evidence as the Board may require that such applicant was engaged in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts in territories, possessions or protectorates of the United States for at least ten years, and was in good standing at the bar of the District of Columbia, the territory, possession or protectorate, or of the state in which such applicant practiced; and (2) a representative compilation of the work product in the field of law showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, corporate charters or other working papers which the applicant considers illustrative of such applicant’s expertise and academic and legal training. Such representative compilation of the work product shall confine itself to the applicant's most recent ten years of practice and shall be filed at least 90 days prior to the administration of the Florida Bar Examination, notwithstanding the provisions of Article VI, Section 5. If a thorough consideration of such representative compilation of the work product shows that the applicant is a lawyer of high character and ability, whose professional conduct has been above reproach, and whose academic and legal scholarship conform to approved standards and sum up to the equivalent for that required of other applicants for admission to the Florida Bar Examination, the Board may, in its discretion, admit such applicant to the General Bar Examination and accept score reports directed to the Board from the National Conference of Bar Examiners or its designee. In evaluating academic and legal scholarship the Board is clothed with broad discretion.
Article III, Section l.c. as it would appear:
*274 c. For those applicants not meeting the requirements of Article III, Section la. or b. the following requirements shall be met: (1) such evidence as the Board may require that such applicant was engaged in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts in territories, possessions or protectorates of the United States or its territories, possessions or protectorates for at least ten years, and was in good standing at the bar of the District of Columbia, the territory, -possession or protectorate, or of the federal courts, or of the state in which such applicant practiced; and (2) a representative compilation of the work product in the field of law showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, corporate charters or other working papers which the applicant considers illustrative of such applicant’s expertise and academic and legal training. Such representative compilation of the work product shall confine itself to the applicant’s most recent ten years of practice and shall be filed at least 90 days prior to the administration of the Florida Bar Examination, notwithstanding the provisions of Article VI, Section 5. If a thorough consideration of such representative compilation of the work product shows that the applicant is a lawyer of high character and ability, whose professional conduct has been above reproach, and whose academic and legal scholarship conform to approved standards and sum up to the equivalent for that required of other applicants for admission to the Florida Bar Examination, the Board may, in its discretion, admit such applicant to the General Bar Examination and accept score reports directed to the Board from the National Conference of Bar Examiners or its designee. In evaluating academic and legal scholarship the Board is clothed with broad discretion.
RATIONALE:
Article III, Section l.c. provides an exception to the requirements that an applicant must have received an academic Bachelor’s Degree and must have graduated from a full-time accredited law school. The exception, as currently written, is available only to an applicant who has practiced law for at least ten years in a foreign jurisdiction from which jurisdiction such applicant is admitted and is a member in good standing.
The proposed amendment would permit an applicant to qualify under the ten years of practice exception if such applicant engaged in the practice of law in federal courts. Under the proposed amendment, such federal practice need not take place in a foreign jurisdiction. Thus, an out-of-state attorney residing and practicing federal law in Florida would now be eligible under the proposed amendment to seek qualification under the provisions of Article III, Section 1.c.
In approving this proposal, the Board concluded that there is no valid reason to exclude from consideration those applicants who practice in federal courts. The Board recognized that the critical determination in an Article III, Section 1.c. review is the quality of the applicant’s representative compilation of work product. Additionally, an applicant who submits an acceptable abstract of practice in federal courts should not be excluded on technical grounds related to the geographical location of such applicant’s residence.