PER CURIAM.
Bingham files this petition to review an adverse administrative ruling of the Florida Board of Bar Examiners with respect to his application for admission to The Florida Bar. We have jurisdiction under article V, section 15, of the Florida Constitution, and article IV, section 12, of the Rules of the Supreme Court Relating to Admissions to the Bar.
Bingham was admitted to the California Bar on January 7, 1971. He was engaged in the private practice of law from that date until December 20, 1973. He became a juvenile traffic hearing officer of the Superior Court of Orange County, California. In this capacity, Bingham conducted arraignments, hearings of uncontested cases, trials of contested cases, and entered findings and orders in cases within his statutory jurisdiction. He served continuously as a full-time juvenile traffic hearing officer until August 29, 1979. From early October 1979 until February 1, 1980, he worked in California as an attorney for the Academy of Defensive Driving. From February 1, 1980, until February 2, 1987, Bing-ham engaged in other pursuits and did not practice law. From February 2, 1987, until the present time, Bingham has been employed by a Florida lawyer and has been actively engaged in practice before federal administrative agencies and federal courts, specializing primarily in the practice of customs and international trade law. Bing-ham has maintained his membership in the California Bar and is admitted to practice in the United States Supreme Court and several federal courts of appeal.
Upon his application for admission to The Florida Bar, Bingham was advised by the Board of Bar Examiners that he did not meet the requisite educational requirement of having graduated from an accredited law school. Art. Ill, § 1(b), Rules of The Supreme Court Relating to Admissions to the Bar. While Bingham’s law school, Pep-perdine University, became accredited two years after his graduation, this came too late for him to be qualified under the foregoing rule. As a consequence, Bingham sought to qualify under article III, section 1(c), by demonstrating ten years in the practice of law and submitting a representative compilation of his work product in the field of law. The board rejected Bingham’s application on the basis that he had not engaged in the practice of law for the *342 requisite ten-year period, concluding that his service as a juvenile traffic hearing officer did not qualify as the practice of law.* The issue before us is whether Bing-ham’s service as a juvenile traffic hearing officer should be considered as the practice of law under article III, section 1(c). We conclude that it should.
The California Supreme Court discussed the status and duties of a juvenile traffic hearing officer in In re: Kathy P., 25 Cal.3d 91, 599 P.2d 65, 157 Cal.Rptr. 874 (1979). The court explained that California law permitted such hearing officers to hear and decide all traffic charges against juveniles which were not felonies. Even though they were not judges, their functions were characterized as subordinate judicial duties as permitted under the California Constitution.
In addressing whether certain acts constituted the unauthorized practice of law, this Court in State ex rel. The Florida Bar v. Sperry, 140 So.2d 587, 591 (Fla.1962), vacated on other grounds, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), said:
[I]f the giving of such advice, and performance of such services affect important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitutes the practice of law.
Each and every act of a judge or a hearing officer affects important rights of a person under the law. Moreover, the rulings of a judge or a hearing officer require legal skill and knowledge of the law greater than that possessed by the average citizen. While their perspective is somewhat different than that of a lawyer, each of them deals with the intricacies of the law on a daily basis. A judge or a hearing officer is often exposed to more practical applications of the law than many lawyers in private practice.
Theoretically, the board’s interpretation could mean that a supreme court judge of another state might not qualify under section 1(c) if he or she first became a judge before maintaining a traditional law practice for a full ten years. Rather than distinguish between the nature of the office held, we believe that if a person admitted to the bar is recognized as a judge or a hearing officer by the state in which he or she served, this service should be considered the practice of law for purposes of article III, section 1(c).
The cases of Florida Board of Bar Examiners Re: Woodrow W. Hatcher, No. 70,578 (Fla. Sept. 28, 1987), and Florida Board of Bar Examiners Re: Milton, No. 58,440 (Fla. Dec. 17, 1981), are clearly distinguishable from Bingham’s application. Both of these cases involved nonlawyer county judges who had never graduated from any law school and who had not been admitted to the bar of any jurisdiction.
We grant Bingham’s petition to the extent that his service as a juvenile traffic hearing officer shall be considered as the practice of law for purposes of article III, section 1(c). In passing upon the representative compilation of work product in the field of law as specified in article III, section 1(c), the board may consider such material as may be available from Bing-ham’s service as a hearing officer as well as that submitted from his private practice.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARRETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., recused.

 At first the board also asserted that Bingham’s practice in federal court since February 2, 1987, also did not qualify. The board now concedes that this Court's recent amendment to article III, section 1(c), would permit federal practice time to qualify as the practice of law. Florida Board of Bar Examiners Re: Amendment of Rules of the Supreme Court of Florida Relating to Admissions to the Bar, 561 So.2d 273 (Fla.1990).