Filed 4/8/13  Marriage of Lamaria v. Ibrahim CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re the Marriage of HELEN MAMARIL LAMARIA and JOLIAN RAMEZ IBRAHIM. | B237111 <br><br> (Los Angeles County <br> Super. Ct. No. BD548861) |
| HELEN MAMARIL LAMARIA, <br><br>                        Respondent, <br><br>    v. <br><br> JOLIAN RAMEZ IBRAHIM, <br><br>                          Appellant. | |

        APPEAL from an order of the Superior Court for the County of Los Angeles, Maren E. Nelson, Judge.  Dismissed.

        Law Offices of Callistus C. Anyaeto and Callistus C. Anyaeto for Appellant.

        Leslie Ellen Shear; Law Offices of Patricia Anne Rigdon and Patricia Anne Rigdon for Respondent.

* * * * * * * *

Appellant Jolian Ramez Ibrahim appeals from an order granting his wife, respondent Helen Mamaril Lamaria, a protective order under the Domestic Violence Prevention Act, imposing pendente lite custody and visitation orders regarding the couple's three minor children, and making an initial custody determination of home-state jurisdiction in California under the Uniform Child Custody Jurisdiction and Enforcement Act. We conclude appellant has failed to discharge his burden of presenting an adequate record on appeal to enable us to review the jurisdictional finding, and that the interim custody orders are not appealable. We therefore dismiss the appeal.

## FACTS

Appellant Jolian Ramez Ibrahim (Husband) and respondent Helen Mamaril Lamaria (Wife) met in Wife's country of birth, the Philippines. They married there in 1994, and then relocated to Husband's country of birth, Kuwait, where he has extended family. In 2002, the couple moved to the United States and settled in California, where members of Wife's family live, including her sister.

Husband and Wife have three minor children. Their daughter, the eldest, was born in 1996, and the two boys were born in 2000 and 2002, respectively. All of the family members are United States citizens.

In 2002, the family settled in Pasadena, where Wife held a job as a nurse. Sometime in 2006, Husband received a job offer for work in Kuwait. According to Wife, Husband represented it was a temporary job that would last only for two years, and that it was a good opportunity for the children to learn Arabic and spend more time with their paternal cousins. Wife agreed to the temporary move. Husband moved back to Kuwait sometime during 2006 and Wife and the children followed in 2007. According to Husband, the move was always intended to be a permanent relocation back to Kuwait.

In Kuwait, the family lived in an apartment. They held temporary residency visas which are automatically renewable so long as the family has an employer sponsor supporting their presence in Kuwait as foreigners. Toward the end of the two-year job term, Husband told Wife the job had been extended another two years.

2

While living in Kuwait, the family spent significant time in California during the summer months when the children were out of school, staying with Wife's sister in Azusa. The family stored numerous belongings at the sister's home. Husband and Wife maintained California driver's licenses and bank accounts, and Husband apparently voted in California by absentee ballot. The family also spent time visiting with Husband's parents and brother who live in Connecticut.

Wife returned to California with the children in June 2011 and filed this action seeking the dissolution of her marriage to Husband. Wife also filed an application for a domestic violence protective order for her and the children, and requested custody orders in her favor. Husband opposed, contending he had not engaged in any abuse and that any custody determinations had to be made in Kuwait, the family's country of residence.

After an evidentiary hearing lasting several days in which both Husband and Wife testified, the court granted a domestic violence protective order in favor of Wife (it did not include the children as protected persons), made interim custody and visitation orders, and found that California has home-state jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act.

This appeal followed.

## DISCUSSION

Husband appeals from the October 20, 2011 order granting Wife a domestic violence protective order, imposing related pendente lite custody orders regarding the three children, and making an initial custody determination of home-state jurisdiction in California under the Uniform Child Custody Jurisdiction and Enforcement Act or UCCJEA (Fam. Code, § 3400 et seq.). In addition to challenging the merits of Husband's appeal, Wife raises numerous procedural objections, including that it arises from a nonappealable interlocutory order and that Husband failed to present an adequate record of the underlying proceedings.

Husband's appeal of the trial court's October 20, 2011 order does not raise any substantive arguments as to the portion of the order granting Wife a domestic violence protective order. Husband only argues the initial custody determination under the

3

UCCJEA is erroneous, and that the custody and visitation orders are improper and tantamount to a denial of visitation.

We address the custody and visitation orders first. The orders were interim orders and therefore are not appealable. "A temporary custody order is interlocutory by definition, since it is made pendente lite with the intent that it will be superseded by an award of custody after trial. [Citation.] Code of Civil Procedure section 904.1 bars appeal from interlocutory judgments or orders 'other than as provided in paragraphs (8), (9), and (11). . . .' (Code Civ. Proc., § 904.1, subd. (a)(1)(A).) [Fn. omitted.] Temporary custody orders are not listed in any of those paragraphs. Therefore this statute precludes the appealability of such orders." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559-560 (*Lester*).)

As for the court's finding of home-state jurisdiction under the UCCJEA (Fam. Code, § 3421), Husband fails to cite any authority expressly holding that an initial custody determination under the UCCJEA is immediately appealable. Husband's bare citation to Family Code section 3454 is not determinative of the issue presented here.[1] Section 3454, by definition, applies only to appeals arising under chapter 3 titled "Enforcement." (§ 3454 ["[a]n appeal may be taken from a final order in a proceeding *under this chapter . . .*"; italics added].) Chapter 3 of the UCCJEA is devoted to efforts to enforce orders for the return of a child under the Hague Convention on the Civil Aspects of International Child Abduction or an existing child custody determination from another state. (See § 3441 [defining a "petitioner" under chapter 3 as "a person who seeks enforcement of an order for return of a child under the Hague Convention on the Civil Aspects of International Child Abduction or enforcement of a child custody determination"]; see also *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377 ["The Family Code contains no express provision governing appeals of child custody

---

[1]     Husband provided no discussion or argument supporting his one-sentence statement of appealability. Husband also failed to provide any discussion as to why the order is not properly reviewable by way of writ. (See generally 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 91, pp. 153-154.)

4

orders, except for those to enforce an order for the return of a child under the Hague Convention on the Civil Aspects of International Child Abduction."].) There is no child abduction order or existing order from another jurisdiction at issue here.

However, an initial custody determination under the UCCJEA becomes binding on all parties duly served with a copy of the order who had notice and an opportunity to participate in the hearing, and the custody determination imparts exclusive, continuing jurisdiction on the issuing court to decide all subsequent custody disputes. (See Fam. Code, §§ 3406, 3422.)[2]

Of particular relevance is Family Code section 3406, which renders the initial custody determination *conclusive* as to persons who participated in the hearing. Section 3406 provides: "A child custody determination made by a court of this state that had jurisdiction under this part binds all persons who have been served in accordance with the laws of this state or notified in accordance with Section 3408 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. *As to those persons, the determination is conclusive as to all decided issues of law and fact* except to the extent the determination is modified." (Italics added.) It is undisputed that both Husband and Wife participated in the hearing below.

An initial custody determination under the UCCJEA therefore bears the hallmarks of a collateral order that is separately appealable notwithstanding the one final judgment

---

[2]     Family Code section 3422 provides in relevant part: "(a) Except as otherwise provided in Section 3424, a court of this state that has made a child custody determination consistent with Section 3421 or 3423 has exclusive, continuing jurisdiction over the determination until either of the following occurs: [¶] (1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships. [¶] (2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state. [¶] (b) A court of this state that has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 3421."

5

rule. "One exception to the 'one final judgment' rule codified in Code of Civil Procedure section 904.1 is the so-called collateral order doctrine. Where the trial court's ruling on a collateral issue 'is substantially the same as a final judgment in an independent proceeding' [citation], in that it leaves the court no further action to take on 'a matter which . . . is severable from the general subject of the litigation' [citation], an appeal will lie from that collateral order even though other matters in the case remain to be determined." (*Lester*, *supra*, 84 Cal.App.4th at p. 561; see also 9 Witkin, Cal. Procedure, *supra*, Appeal, § 99, p. 162 ["A necessary exception to the one final judgment rule is recognized where there is a final determination of some collateral matter distinct and severable from the general subject of the litigation."].)

Lester suggests a jurisdictional finding under the analogous federal statute, the Parental Kidnapping Prevention Act of 1980 (28 U.S.C. § 1738A), is directly appealable as a collateral order. (See *Lester*, *supra*, 84 Cal.App.4th at p. 563, fn. 16, explaining *Rogers v. Platt* (1988) 199 Cal.App.3d 1204.) While the *Lester* court's discussion is dicta, we find it instructive here and are inclined to find a jurisdictional determination under the UCCJEA is an appealable collateral order.[3]

Assuming, without deciding, that the initial custody determination is an appealable collateral order, we nonetheless determine Husband's appeal must be dismissed in light of his failure to provide an adequate record upon which the asserted jurisdictional error can be decided.

It is a general principle of appellate practice that the "order of the lower court is "'presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.'" [Citation.]" (*State Farm Fire & Casualty Co. v. Pietak* (2001)

---

[3]     *In re Marriage of Fernandez-Abin & Sanchez* (2011) 191 Cal.App.4th 1015, cited by Husband in his reply brief, also does not directly analyze the question of appealability and therefore is not controlling authority. The case involved a complicated procedural issue regarding the handling by two different judges of the potential existence of emergency jurisdiction in California, nothwithstanding the existence of pending proceedings in Mexico that had been initiated first. The court addressed the merits of the parties' contentions, and reversed for further proceedings.

90 Cal.App.4th 600, 610; see also *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

It is the appellant's burden to overcome that presumption of correctness. (*Ibid*.) In order

to do so, the appellant must provide the reviewing court with "an adequate record to

assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; accord, *In re Kathy P*.

(1979) 25 Cal.3d 91, 102; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 628, p. 704 ["The

appellant must affirmatively show error by an adequate record."].) Where an appellant

fails to furnish an adequate record, his or her claim "must be resolved against them."

(*Maria P*., at p. 1296; accord, *Foust v. San Jose Construction Co., Inc*. (2011) 198

Cal.App.4th 181, 187 ["'Failure to provide an adequate record on an issue requires that

the issue be resolved against [appellant].'"].)

Despite the fact his primary contention on appeal is that the California courts lack

jurisdiction under the UCCJEA, Husband did *not* include in the record Wife's declaration

of jurisdictional facts filed with the court pursuant to Family Code section 3429 in

connection with her petition for dissolution of marriage. Wife's separate declaration,

outlining her allegations of domestic abuse submitted in connection with her request for a

protective order against Husband, was included as part of the record, and that declaration

expressly refers to her jurisdictional declaration under the UCCJEA in connection with

her statement that the family's stay in Kuwait was intended to be temporary: "Please see

my declaration attached to the UCCJEA Declaration filed with the Petition for

Dissolution of Marriage where I have set forth in detail facts related to our stay in

Kuwait." The full reporter's transcript from the evidentiary hearing, which took place

over several days, also was not included, leaving out a portion of Wife's testimony.

Although some of Wife's testimony was included in the reporter's transcript, along with

all of Husband's testimony, and the testimony of Wife's sister, Wife objects that other

portions of the record are missing.

In his reply brief, Husband minimizes his failure to present a proper record by

arguing, in part, that his statement of facts and opening brief adequately set forth Wife's

"purported 'facts'" and version of events. Husband's claimed recitation *in his brief* of

Wife's facts regarding jurisdiction does not in any way comport with the requirement to

7

provide the evidentiary record. Cherry-picking certain portions of the record does not constitute compliance. After the respondent's brief raised the issue, Husband made no effort to augment the appellate record, in order to provide us with any materials he may have inadvertently omitted.

As Husband correctly notes, as a reviewing court considering the issue of subject matter jurisdiction under the UCCJEA, "we are 'not bound by the trial court's findings and may independently weigh the jurisdictional facts.' [Citations.]" (*In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 492; accord, *In re Angel L.* (2008) 159 Cal.App.4th 1127, 1136.) However, we cannot *fairly* weigh and consider the question of subject matter jurisdiction under the UCCJEA without a *complete and adequate* record. Husband has failed to discharge his burden as an appellant to affirmatively show error based upon the presentation of a proper record. We therefore dismiss the appeal.

## DISPOSITION

Appellant Jolian Ramez Ibrahim's appeal of the court's October 20, 2011 order is dismissed. Respondent Helen Mamaril Lamaria is entitled to costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.

8