Filed 10/23/20  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ALLEN JOHNSON,<br><br>Defendant and Appellant. | C091047<br><br>(Super. Ct. No. CRF-2018-5883-1) |

Defendant Michael Allen Johnson stole credit and debit cards and other items from a car and used the cards to make purchases.  He pleaded guilty to second degree burglary and various crimes involving the use of the credit and debit cards, and the trial court sentenced him to 16 years in prison.

1

Defendant now contends (1) we must strike the two prior prison term enhancements because Penal Code section 667.5, subdivision (b)[1] has been repealed as to all prison priors except for those for sexually violent offenses, and (2) the trial court should have stayed, under section 654, three of the counts for using another person's personal information to obtain goods.

We conclude (1) we must strike the two prior prison term enhancements under section 667.5, subdivision (b) because the enhancements are no longer authorized, and (2) section 654 did not require the trial court to stay the terms for three counts of using another person's personal information to obtain goods. We also conclude (3) the abstract of judgment must be corrected to conform to the judgment.

We will strike the two prior prison term enhancements, otherwise affirm the judgment, and direct the trial court to prepare an amended and corrected abstract of judgment.

BACKGROUND

Defendant pleaded no contest to one count of second degree burglary (§ 459 -- count 1), six counts of using another person's personal information to obtain goods (§ 530.5, subd. (a) -- counts 2-7), and one count of using another person's access card (§ 484e, subd. (d) -- count 8). He also admitted that he had prior strike convictions and that he served prior prison terms under section 667.5, subdivision (b). Defendant entered his plea in exchange for the assurance that he would not be sentenced to a life term under the three strikes law.

The trial court struck the punishment on one of the prior strike convictions and sentenced defendant to an aggregate term of 16 years in prison, consisting of six years for second degree burglary, a consecutive 16 months each for the six counts of using another

---

[1] Undesignated statutory references are to the Penal Code.

2

person's personal information to obtain goods, a concurrent 180 days for using another person's access card, and a consecutive two years for the prior prison terms.

Certain background facts are recounted in the discussion as relevant to the contentions on appeal.

## DISCUSSION

### I

Defendant contends we must strike the two prior prison term enhancements because section 667.5, subdivision (b) has been repealed as to all prior prison term enhancements except for those for sexually violent offenses. The Attorney General agrees, as do we.

Defendant's two prior prison terms were served for second degree murder and first degree burglary. The trial court imposed one year each for the two prior prison terms under section 667.5, subdivision (b). As amended since defendant's sentencing, however, section 667.5, subdivision (b) imposes an additional one-year term only for prior prison terms served for sexually violent offenses. (*People v. Winn* (2020) 44 Cal.App.5th 859)

Defendant is entitled to the benefit of the amendment to section 667.5, subdivision (b); therefore, we will strike the two one-year terms imposed for the prior prison terms. (*People v. Reneaux* (2020) 50 Cal.App.5th 852, 876.)

### II

Defendant next contends the trial court erred by not staying, under section 654, the sentences on counts 2, 5, and 6, all of which were imposed on convictions for using another person's personal information to obtain goods. (§ 530.5, subd. (a).) Specifically, defendant contends that section 654 prohibits the imposition of multiple sentences for separate crimes that are so close in time and nature as to constitute one criminal act or omission.

3

The Attorney General claims defendant is estopped from asserting this challenge because he failed to obtain a certificate of probable cause under section 1237.5. We disagree. Although a certificate of probable cause is required for some sentencing challenges, such as when the defendant agreed to the sentence imposed (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187), it is not required to challenge the trial court's exercise of sentencing discretion if the plea agreement did not specify a particular sentence. (*People v. Buttram* (2003) 30 Cal.4th 773. 790-791.) The Attorney General argues the plea agreement specified the sentence to be imposed, but the only agreement was that defendant would not receive a life sentence. He did not agree to the specific term imposed. Accordingly, the Attorney General's estoppel argument lacks merit.

Section 654 generally prohibits multiple punishment "when there is a course of conduct which violates more than one statute but constitutes an indivisible transaction." (*People v. Butler* (1996) 43 Cal.App.4th 1224, 1248.) However, multiple crimes do not constitute an indivisible transaction if the defendant had a chance to reflect between offenses and each offense carried a new risk of harm. (*People v. DeVaughn* (2014) 227 Cal.App.4th 1092, 1116.) If the evidence discloses that a defendant entertained multiple criminal objectives that were independent of each other, the defendant may be punished for the independent violations committed in pursuit of each objective. (*People v. Perez* (1979) 23 Cal.3d. 545, 551.)

Here, defendant made two purchases at Safeway and three purchases at Walmart. The probation report recommended staying sentence on counts 2, 5, and 6 because the offenses for counts 2 and 3 took place at the same store (Safeway) and were minutes apart, and the offenses for counts 4, 5, and 6 took place at the same store (Walmart) and were minutes apart. The probation report gave no additional details of the crimes. The trial court concluded no stay was required because defendant "had ample opportunity to reflect on his behavior before he committed each of these crimes."

Consistent with the probation recommendation, defendant argues the sentence for one of the Safeway offenses (count 2) and the sentences for two of the Walmart offenses (counts 5 and 6) should have been stayed because the fraudulent transactions within each store occurred minutes apart. Defendant acknowledges there is no evidence of the timeframe of the Walmart transactions at the preliminary hearing. As to the Safeway transactions, the evidence from the preliminary hearing merely suggested the second transaction occurred "shortly after" the first transaction.

Because defendant pleaded no contest, the facts are not well-developed in the record. But that does not relieve defendant of the burden to show error. (*In re Kathy P.* (1979) 25 Cal.3d 91, 102.) There is nothing in the sparse record that calls into question the trial court's conclusion that defendant had the opportunity to reflect on his actions before causing each new harm, even if the transactions happened within minutes of each other and at the same stores. A few minutes provide an adequate time to reflect for the purpose of applying section 654. (See *People v. Trotter* (1992) 7 Cal.App.4th 363, 368 [§ 654 did not bar punishment for two shots occurring within one minute of each other; defendant had opportunity to reflect and consider his action before firing each shot].)

We therefore reject defendant's contention that the trial court improperly imposed unstayed terms for some of the counts.

### III

The Attorney General notes that the abstract of judgment must be corrected to reflect the sentence as imposed. While the abstract of judgment accurately reflects that defendant was sentenced to an aggregate term of 16 years, it states that defendant was sentenced to a one-year enhancement under section 667, subdivision (e)(2). But the trial court did not impose such a term. Also, the abstract of judgment reflects a total of three years of enhancements, but there were only two years imposed for enhancements. We will direct the trial court to correct the abstract of judgment to reflect the sentence as imposed. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385-386.)

5

DISPOSITION

The judgment is modified to strike the two one-year prior prison term enhancements under section 667.5, subdivision (b). As modified, the judgment is affirmed. The trial court is directed to prepare an amended and corrected abstract of judgment reflecting the judgment as orally imposed and as modified, and to send a certified copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
BLEASE, Acting P. J.


_____/S/_____
DUARTE, J.