[Civ. No. 7359. Third Dist. Dec. 12, 1947.]

HARVE TOWNSEND, Respondent, v. FLOTILL PROD-UCTS, INCORPORATED, Appellant.

Jefferson E. Peyser for Appellant.

Neumiller, Ditz, Beardslee & Sheppard for Respondent.

PEEK, J.—Plaintiff commenced this action to recover an indebtedness on a common count for services rendered at defendant's oral and special request. Defendant answered and filed a cross-complaint alleging that defendant and plaintiff entered into oral contracts whereby plaintiff agreed to furnish trucking service for the hauling of peaches and tomatoes to defendant's canneries, and alleging damages by reason of plaintiff's breach of said contracts. Plaintiff admitted execution and alleged full performance of the agreement to haul peaches, but denied that an oral agreement to haul tomatoes as charged by defendant had been entered into, and alleged that defendant orally agreed to give plaintiff such a contract to haul tomatoes, that in anticipation of receiving such contract plaintiff did haul some tomatoes to defendant's canneries, that defendant refused to give plaintiff such contract and he was thereby prevented from further hauling the tomatoes. As a separate defense to the cross-complaint plaintiff alleged that if such oral agreement to haul tomatoes had been entered into, defendant breached the same by refusing to pay waiting time on hauls made to its canneries as required by the Office of Price Administration, and that plaintiff was thereby prevented from further performance.

The trial court sitting without a jury found for the plaintiff and against the defendant on all issues. Judgment was entered for the full amount as prayed for in the complaint.

Appellant's contentions on appeal in effect raise but one issue—the sufficiency of the evidence to support the findings of the trial court that no contract was entered into for the hauling of tomatoes by plaintiff from the Woodland area to defendant's Stockton cannery.

It is appellant's argument that the particular contract alleged to exist here must be interpreted according to the

usage of the place of performance (Civ. Code, § 1646), that in the absence of a contrary intention any stipulation necessary to make the contract reasonable and conform to usage must be implied (Civ. Code, § 1655), and that all things in law or usage either incidental or necessary to the contract or to carry it into effect if not expressly mentioned, are implied (Civ. Code, § 1656). From this appellant concludes that in the light of prior dealings between the parties and the knowledge of each with respect to the usage and customs of the hauling business the force of such statutory rules compels the conclusion that a contract for the hauling of tomatoes from the Woodland area to Stockton was consummated and in fact partially performed.

These code sections, however, are rules governing the interpretation of contracts which might otherwise be uncertain rather than the formation of contracts. No question of interpretation enters into the present controversy if the trial court properly found upon sufficient evidence that no contract was entered into.

In its attempt to conclusively establish the existence of a contract from the evidence appellant relies upon (1) the admitted authority of one Bennett, an agent for plaintiff, (2) the continuous course of dealing between the parties for more than one year with relation to a contract for the hauling of tomatoes from the Tracy district to Stockton and another for the hauling of peaches from the Gridley district, and (3) the certainty of the subject matter or commodity to be hauled, the compensation for the hauling at the prevailing tariffs as set by the Office of Price Administration and in accordance with regulations of the Office of Defense Transportation, and the amount and term of the hauling. Lastly appellant contends that whatever the nature of the agency relationship, plaintiff, by the uncontradicted testimony, ratified the acts of Bennett.

However correct appellant's contentions may be, both as an abstract principle of law and as an argument upon the evidence in light of appellant's evaluation thereof, yet when applied to the vague and contradictory facts and circumstances disclosed by the record, its contentions are without force because the trial court, upon such conflicting and contradictory testimony, found that no contract existed. There is testimony by plaintiff denying that a contract was con-

cluded with the defendant for the hauling of tomatoes from Woodland to Stockton and affirmative testimony by him that his only contract to haul tomatoes between those points was with a third party, one Marino, also a trucker. He further testified that although Bennett did have authority to solicit business and negotiate contracts for him said agent's negotiations regarding the alleged Woodland contract did not at any time ripen into a valid contract. He contends that at most said negotiations constituted only an agreement to enter into a contract at a future date, which was never concluded. Such an agreement is not of itself binding upon the parties. (*Dillingham* v. *Dahlgren*, 52 Cal.App. 322 [198 P. 832].) It should be noted further that much of the testimony relied upon by appellant to establish the existence of a contract consisted of conclusions of the witness or the examiner as evidenced by the repeated use of words such as "Agree" and "Agreement." In the case of *Nevills v. Moore Mining Co.*, 135 Cal. 561, 563 [67 P. 1054], contentions similar to those advanced by appellant herein were made in support of an alleged agreement for extra compensation of a partner, and the court in discussing the effect of such testimony, stated: "Before the court can say that an express contract is proven, there must be something more than the deductions or conclusions of the witness from the words used." (See, also, *Wold* v. *League of the Cross, etc.*, 114 Cal.App. 474 [300 P. 57].)

Where the evidence on the negotiations forming the basis of the alleged oral contract is in conflict, the question is one of fact, and it is for the trial court to determine from the evidence whether a contract is proven. (*Nevills* v. *Moore Mining Co., supra; Treadwell* v. *Nickel*, 194 Cal. 243 [228 P. 25].) Appellant's contention that the trial court's finding was erroneous being dependent upon testimony which would be insufficient to support a contrary conclusion is, therefore, without merit.

Appellant's final contention relates to the nature of the agency of Bennett and the ratification of his acts by plaintiff. However, if our conclusion is correct, that the finding of the trial court against the formation of a contract is sustained by the evidence, then the question thus raised by appellant becomes immaterial to this appeal. And likewise, in view of such findings any argument on the issue of agency becomes wholly academic as does the question of ratification of the acts of the agent.

The facts and circumstances disclosed by the record before us make particularly apropos the rule as expressed by this court in the recent case of *Andrews* v. *Andrews, ante,* at page 521 [186 P.2d 744] : ''Disregarding conflicts, and giving to the evidence and the proper inferences therefrom, their fullest effect in support of the findings and judgment as we are obliged to do (citing cases) we cannot say that such judgment is without substantial support.''

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.